Christopher Lee WORTHINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01044–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1993.

Discretionary Review Refused
Oct. 20, 1993.

Neely C. Lewis, Bryan, for appellant.

Bill R. Turner, Lisa Tanner, Bryan, for appellee.

Before O'CONNOR, COHEN and PRICE,* JJ.

### OPINION

O'CONNOR, District Judge.

Christopher Lee Worthington, the appellant, was charged with aggravated sexual assault, aggravated robbery, and aggravated kidnapping. During the trial of the aggravated sexual assault charge, the appellant, who did not have a criminal record, changed his plea from "not guilty" to "guilty." The jury assessed punishment at 99 years in prison and a $5,000 fine.

### Fact summary

Late in the evening of February 15, 1992, Leon Treybig's house was burglarized. Two shotguns, a .22 caliber rifle, a .22 automatic pistol, and ammunition were stolen. Later that same night, the appellant went to a fraternity party where he was arrested for unlawful possession of a weapon, a .22 caliber pistol. The pistol was later identified as one of the guns stolen from Treybig's house.

On February 20, at 12:30 a.m., Kathryn Jordan was awakened by someone ringing her doorbell. She refused to answer the

door, and she eventually saw two men walk away. Two hours later, she heard a cracking noise and thought someone was trying to break into her house. She called the police who discovered five bullet holes in her house. The bullet fragments were identified as having been fired from a .22 caliber rifle stolen from Treybig's house.

At 9:30 p.m. on February 20, a 19–year–old Texas A & M junior decided to go to her boyfriend's apartment to study. When she arrived, she leaned across the seat to get her backpack full of books. As she turned to get out of the car, she noticed the appellant standing in the car doorway with a shotgun. Raymond Gutierrez was standing behind him. They forced her into the passenger side of the car, and the appellant got behind the wheel. He passed the gun to Gutierrez who sat in the back seat.

They drove around for a while and took the girl to a deserted gravel road where they both raped her. Afterwards, while she sat huddled in the back seat of the car, the two men then drove around. Gutierrez raped her again while the appellant was driving. The appellant stopped the car and raped her again. This time, he forced her to perform oral sex.

The appellant drove to Southwood Junior High School where he and Gutierrez tied the girl to a tree and gagged her with a bandana. The appellant left her backpack next to her joking that it was so she could go to school the next day.

On February 22, Sgt. Greg Jacobsen, a sheriff in LaSalle County, Illinois, was notified that two cars were stuck in the mud. Jacobsen arrested the appellant and Gutierrez when he found out the car they were driving was stolen. No guns were found in the car, but a semi-automatic 12 gauge shotgun and a .22 caliber rifle were found about 25 feet away from the vehicle.

### Extraneous offenses

In his sole point of error, the appellant argues the danger of unfair prejudice or

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

confusion of the issue outweighs the probative value of the extraneous offense evidence admitted at the punishment phase of trial.

During the appellant's punishment hearing and outside the presence of the jury, the State expressed its intention to introduce evidence of three extraneous offenses in which the appellant was implicated. These were the burglary, unlawful possession of a weapon, and criminal mischief that occurred just before the rape. In response, the appellant made the following objection:

> Mr. Lewis: First of all, Your Honor, I—I would—I would argue that whatever the—the value of this to the State's case is—is greatly outweighed by the prejudicial nature of this at—at this point in the trial, that—that to come out now and have to try basically three other cases, a burglary, an unlawful carrying a weapon and a criminal mischief, at—at this point is just going to be extremely difficult.
>
> These—these are at the very best it appears to be highly circumstantial kinds of situations which—which they have. The carrying of a weapon might be less circumstantial. In other words, there may be something which they could actually tie into on that charge.
>
> But as far as the burglary of a habitation and criminal mischief, it seems to me that those are going to be significant stretches to those based upon simply the fact that at some point he had possession of some of the things especially in view, Your Honor, that there are two defendants which were charged in this—out—out of this case. There would be at least as much reason to believe that if this defendant was involved that Mr. Gutierrez would have been involved in these. At it would be just pure speculation I

think at this point to try to make that determination as to this defendant.

> Based upon all that, Your Honor, and especially in view of where we are in this, I would hope the Court would not allow these extraneous offenses, and let's go ahead and get this case to the jury.

The trial court overruled the appellant's objection. The court granted the appellant's request for a running objection to the extraneous offense evidence. The appellant argues evidence of unadjudicated extraneous offenses is not admissible at a punishment hearing. Tex.Code Crim. P.Ann. art. 37.07, § 3(a) (Vernon Supp. 1993).[1] In addition, the appellant suggests there was insufficient evidence to prove he committed the extraneous offenses.

### Preserved for review

■ The State contends the appellant did not preserve this complaint of error for review. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex.R.App.P. 52(a). To preserve error, the defendant must make a timely objection. *Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App.1990). That is, the objection must be made at the first opportunity or as soon as the ground of objection becomes apparent. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990); *see Pinkney v. State*, 848 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

■ The appellant first objected that the value of the extraneous offense evidence "is greatly outweighed by [its] prejudicial nature." This is clearly a reference to the

---

**1.** Article 37.07, § 3(a) provides in part:
 Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including the prior

criminal record of the defendant, his general reputation and his character. The term prior criminal record means a **final conviction** in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any **final conviction** material to the offense charged.

language of rule 403 [2] and preserves complaint for review on that basis. TEX. R.CRIM.EVID. 403. Also, the objection expressed the concern about the introduction of the extraneous offenses; therefore, we find any reference to article 37.07, § 3(a) was preserved as well.

### Grunsfeld

■ Article 37.07, § 3(a) defines prior criminal record as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a). The Court of Criminal Appeals recently held previous unadjudicated offenses are not admissible at punishment, even if relevant, because they do not satisfy the definition of "prior criminal record" in article 37.07, § 3(a). *Grunsfeld v. State,* 843 S.W.2d 521, 524–25 (Tex.Crim.App.1992) (during the punishment phase of Grunsfeld's rape trial, the State introduced testimony of other sexual assaults that occurred before and after the offense on trial).

Here, the trial court admitted evidence of three unadjudicated offenses—burglary, unlawful possession of a weapon, and criminal mischief. The evidence of these crimes does not fit within the statute's definition of "prior criminal record." The evidence was not the result of a final conviction in a court of record, a probated or suspended sentence that occurred before trial, or any final conviction material to the offense charged. TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a). We find the trial court abused its discretion in admitting evidence of the three unadjudicated extraneous offenses under article 37.07 § 3(a). *Grunsfeld,* 843 S.W.2d at 526.

### Harm analysis

■ When we find error in the proceedings of the court below, the error is reversible unless we determine "beyond a

reasonable doubt that the error made no contribution to the punishment." *Grunsfeld,* 843 S.W.2d at 526; TEX.R.APP.P. 81(b)(2). In applying the harmless error rule, the reviewing court should calculate the probable impact of the error on the jury in light of the existence of other evidence. *Harris v. State,* 790 S.W.2d 568, 587 (Tex. Crim.App.1989). While the presence of overwhelming evidence plays a role in resolving the issue, the predominant concern must be the error. *Id.* In applying the harmless error rule, we do not focus on the propriety of the outcome of the trial; instead, we focus on the integrity of the process leading to the conviction. *Id.* Neither do we focus on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making. *Id.* at 587–88.

■ At the time he pled guilty to aggravated sexual assault, the appellant had not been convicted of a felony offense. He had no juvenile record, and he had never been on any type of misdemeanor probation. His only charge was the misdemeanor of unlawfully carrying a weapon at the fraternity house, but as of trial, nothing had been filed. In light of the prejudicial nature of the extraneous unadjudicated offenses (burglary, unlawful possession of a weapon, and criminal mischief), we cannot say beyond a reasonable doubt that the admission of the evidence by the trial court did not contribute to the punishment of the appellant.

We sustain the point of error, reverse the portion of the judgment imposing punishment, and remand for a new hearing on punishment. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1993).

(Emphasis added.)

**2.** TEX.R.CRIM.EVID. 403 provides: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.