Brian K. FONTENOT, Appellant

v.

The STATE of Texas, Appellee.

No. 01–94–00301–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 22, 1995.

Discretionary Review Refused Oct. 4, 1995.

Charles Brown, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter and Kristen Pain, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of possession of cocaine, and assessed punishment at 25–years confinement and a $30,000 fine. We affirm.

In point of error one, appellant asserts the trial court erred by allowing the State to make improper statements during voir dire. Before voir dire, the State asked the court's permission to tell the jury that if someone is on probation, they are not eligible for probation in a later case. Over appellant's objection, the court granted the State's request. The following transpired during the State's voir dire:

> [The State]: Now the defendant in this case has elected, if found guilty, to go to the jury for punishment. Now that's no evidence of guilt. They have to do that before we pick the jury; okay, but the

election is going to the jury for punishment. And I need to tell you that the punishment in this case, like the Judge said, is 5 years to 99 years or life, and a fine of up to $50,000.

Now I need to ask you, is there anyone here that just absolutely, under no circumstances, could consider the minimum of five years, that could not conceive of a circumstance where they could consider the minimum? Okay. What about the other end of the scale, is there anyone here that just absolutely could not consider— I'm not asking you would you give it, I'm saying could you consider the maximum, which is 99 years or life? Is there anyone here that feels that's too harsh? Nobody? Surely somebody is going to say, "I can't consider the minimum," or "I can't consider the maximum." Mr. Frier?

[Mr. Frier]: I can consider both.

[The State]: Both of them?

[Mr. Frier]: Yes.

[The State]: Mr. Roccaforte?

[Mr. Roccaforte]: I could not consider life.

[The State]: Now that's what I need to know. You need to raise your hands if I ask a question. So why could you not consider life?

[Mr. Roccaforte]: I just couldn't.

[The State]: Under no circumstances?

[Mr. Roccaforte]: No.

[The State]: What if I—

[Mr. Roccaforte]: Unless he killed someone.

[The State]: That would be murder.

[Mr. Roccaforte]: So in this situation, no.

[The State]: I couldn't even give you a scenario where—

[Mr. Roccaforte]: No.

[The State]: I'm not going to bother you then. Yes, ma'am?

[Ms. Ford]: I don't think I could give life on a charge like that either because there is—there can be a rehabilitation center that a person can go to and get rehabilitation rather than spending a lifetime in prison. I don't think I could do that.

[The State]: Well in a circumstance, say, with a lot of drugs, and you heard the

evidence, you did not think that person was capable of rehabilitation. It was a really aggravated case, something like that, where you didn't think he was capable of being rehabilitated. I'm not asking you could you give it, could you make the consideration of the maximum? That's all we need to know. Can you consider it in the full range after you listen to the evidence?

[Ms. Ford]: Maybe after I've listened to the evidence.

[The State]: That's all I'm asking, after you've listened to the evidence, if you're able to consider it, okay, not would you give it. Anybody else? Yes, sir?

[Mr. Stockton]: I couldn't consider the maximum time.

[The State]: Okay.

[Mr. Stockton]: If the defendant, in fact, had a much greater amount than what is mentioned here, I would.

[The State]: But up to 200 grams, you couldn't?

[Mr. Stockton]: How much, ma'am?

[The State]: Up to 200 grams.

[Mr. Stockton]: Not the maximum, ma'am, no.

[The State]: *Now I have to tell you, also, that in a case like this, probation can also be given by a jury where it's appropriate. But in some cases, probation is not appropriate and the jury can't give it to you, and that's when they've had a prior probation, or something, or if they're on probation, you can't consider it.* So everyone needs to be aware of the full range of punishment. And like Mr. Stockton, Ms. Ford and Mr. Roccaforte, if there's anybody else who just absolutely, under no circumstances can consider the maximum, I need to know it now. Anybody else? Now the last question, and I kind of covered this, also, with the drug problem, but I need to know if you have a close friend, or a relative, that has been involved in any criminal case....

(Emphasis added.)

Appellant argues that the italicized portion above implied to the jury that he was not eligible for parole because he had prior con-victions. The State responds that the statement was proper because it informed the jury of the range of punishment available for the offense.

■■■ For purposes of discussion, we will assume, without deciding, that the trial court erred in overruling appellant's objection to the State's voir dire comments regarding eligibility for probation. Assuming error, we must reverse appellant's conviction unless the error made no contribution to his conviction or punishment. TEX.R.APP.P. 81(b)(2). An error is harmless if it does not interfere with the integrity of the trial process sufficiently to affect the outcome of the trial. *Harris v. State,* 790 S.W.2d 568, 587 (Tex. Crim.App.1989). To determine whether the error was harmless we must:

> examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity.

*Harris,* 790 S.W.2d at 587–88. In applying the harmless error rule, we calculate the probable impact of the error on the jury in light of the existence of other evidence. *Harris,* 790 S.W.2d at 587; *Worthington v. State,* 859 S.W.2d 530, 533 (Tex.App.—Houston [1st Dist.] 1993, no pet.). While our predominate concern is the error and its effects, the presence of overwhelming evidence of appellant's guilt can be a factor in our evaluation of harmless error. *Moreno v. State,* 858 S.W.2d 453, 466 (Tex.Crim.App. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993).

■■■ In context, the complained-about statement was posed in hypothetical form, and made no reference to this particular appellant. The State merely informed the jury that in certain instances, probation was not available for this type of offense. The State did not place any particular emphasis on the statement, but moved on immediately to other areas of questioning. There is no

indication in the record that the jury placed undue weight or emphasis on the statement. After the prosecutor made the statement, none of the prospective jurors asked any questions about probation.

Further, there was overwhelming evidence of guilt in this case. The jury heard evidence that police officers saw appellant at the bus station and considered him to be suspicious. After he boarded a bus, the officers followed and asked to look in his bag. Appellant consented. The police opened the bag and promptly saw a loaded pistol. They arrested appellant, performed a pat-down search, felt a bulge in his clothing, removed it, and found cocaine. The only witnesses at the guilt-innocence phase were three police officers and a chemist.

After hearing the evidence, the jury took only eight minutes to reach a guilty verdict, including the time spent electing a jury foreman. There is nothing in the record to indicate that the prosecutor's statements on voir dire interfered with the integrity of the trial process sufficiently to affect the outcome of the trial at the guilt-innocence stage of the trial.

There was certainly no harm at the punishment stage of appellant's trial. At punishment, the jury was entitled to know about appellant's prior criminal record, including his prior probations and convictions. The jury charge at the punishment phase of the trial informed the jury of the same thing that the prosecutor's statement *may* have implied, *i.e.*, that probation was not an option for this appellant.

We conclude beyond a reasonable doubt that the error, if any, was harmless. Accordingly, we overrule point of error one.

In point of error two, appellant asserts the trial court erred by denying his motion to suppress because the police officer's grounds for establishing probable cause were based on a federal statute that was not presented to the trial court.

Before trial, appellant filed a motion to suppress evidence of the cocaine, which was carried with the trial. During the questioning of Officer Corley, appellant's counsel asked the officer if it was against the law to carry a weapon while travelling. The officer replied that there are federal laws against carrying a weapon on public transportation. On appeal, appellant contends that a federal statute served as the basis for the denial of his motion to suppress, and that the trial court erred by taking judicial notice of the statute.

■ At trial, appellant argued that the motion to suppress should be granted because the appellant's conduct at the bus station was just as indicative of innocent behavior as it was of guilty behavior. However, on appeal he contends that the trial court improperly took judicial notice of a federal statute. This issue was not presented to the trial court. An objection stating one legal theory may not be used to support a different legal theory on appeal. *Johnson v. State,* 803 S.W.2d 272, 292 (Tex.Crim.App.1990); *Sebree v. State,* 695 S.W.2d 303, 304 (Tex. App.—Houston [1st Dist.] 1985, no pet.).

We overrule point of error two.

In points of error three and four, appellant asserts the trial court erred by including an instruction on flight in the jury charge, and by denying his motion for new trial on the same grounds.

The record shows that appellant's trial started on January 10, 1994. After voir dire was concluded, the jury was selected, and appellant entered his plea. At noon, the court recessed for lunch and ordered everyone to be back in the courtroom by 1:15 p.m. Appellant did not return from lunch. At 1:30 p.m. the trial resumed without him. When the trial concluded after 3 p.m., appellant had still not returned, although there is evidence that he attempted to call his defense counsel. The record shows that appellant's counsel was not aware of any reason for appellant's absence. At the State's request, the trial court instructed the jury as follows:

> Evidence of a defendant's flight from prosecution and trial may be considered by you as evidence of the defendant's guilt only if you believe that evidence beyond a reasonable doubt.

After deliberating for eight minutes, the jury returned a guilty verdict. Outside the presence of the jury, the judge declared appel-

lant's bond forfeited, and the court recessed for the evening.

When the trial resumed the next morning for the purposes of assessing punishment, appellant voluntarily appeared and offered an explanation for his absence the previous day. Appellant told the court he had gone to Fort Bend County to obtain a transcript from a prior proceeding that he felt was vital to his case. Appellant did not move for a mistrial at that time, or otherwise object. Rather, the following occurred:

> [The Court]: Let me discuss something else. What do you think of me telling the jury that the defendant absented himself yesterday believing that the trial would not proceed without him because he was seeking to get some additional evidence for his defense?
>
> [Defense counsel]: That's fine, Judge.
>
> [The Court]: Are you—do you think that would satisfy what you would want? Can you think of anything else you would want added to it?
>
> [Defense counsel]: No, Your Honor.
>
> [The Court]: All right. I will do that.
>
> [Defense counsel]: Thank you.

The court then informed the jury that appellant had voluntarily returned, and gave appellant's explanation for his absence. Only after appellant was assessed punishment by the jury did he complain about the jury charge, through his motion for new trial.

On appeal, appellant contends the trial court erred by instructing the jury on flight, and by not granting his motion for new trial based on the flight instruction in the jury charge.

In *Martin v. State*, 727 S.W.2d 820, 823 (Tex.App.—Fort Worth 1987, no pet.), the defendant was present for the first day of his trial, but failed to appear on the second day of trial. The defendant's counsel requested the court to instruct the jury that it could draw no inference of guilt from the defendant's absence, which the trial court denied. The appellate court affirmed, and noted that there are circumstances in which flight from prosecution is a circumstance from which an inference of guilt may be drawn. *Id.*

In the present case, appellant made no objection to the instruction before the charge was given. Absent an objection to the charge, only fundamental error resulting in egregious harm to the appellant will be considered on appeal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Griffin v. State*, 850 S.W.2d 246, 250 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). There is nothing in the record to show the charge caused egregious harm to appellant. Further, once appellant returned to court, the trial court granted appellant all the relief he requested. There was no reversible error.

We overrule points of error three and four.

We affirm the judgment.

Justice O'CONNOR dissenting.

O'CONNOR, Justice, dissenting.

The issue in this case is whether the State may suggest to a jury that a defendant has been convicted of other crimes, even when the defendant does not take the stand. I would reverse.

For many defendants, the decision not to testify is made solely to keep evidence of other convictions from the jury. By its discussion of probation during voir dire, the State was able to suggest to the jury that the appellant had been convicted of another crime, even though the appellant did not take the stand.

The majority avoids the first issue in this appeal, whether the trial court should have permitted the State to discuss probation during voir dire, and jumps to the issue of harm. By avoiding the discussion of the error itself, the majority minimizes the error. This is not an accidental or unplanned error. The State made a tactical decision to discuss probation during voir dire to suggest to the jury that the appellant had a criminal record. The State purposefully injected the issue of probation into the record.

Before voir dire, the State asked the trial court before voir dire for permission to tell the jury that if someone is on probation, they are not eligible for probation in a later case. The appellant objected. The objectionable part of the State's argument was:

Now I have to tell you, also, that in a case like this, probation can also be given by a jury where it's appropriate. But in some cases, probation is not appropriate and the jury can't give it to you, and that's when they've had a prior probation, you can't consider it. So everyone needs to be aware of the full range of punishment....

It is proper to question jurors about their attitude on probation if probation is within the scope of punishment that will be considered by the jury in the event of a conviction. *Mathis v. State*, 576 S.W.2d 835, 839 (Tex. Crim.App.1979); *Hilla v. State*, 832 S.W.2d 773, 776 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

In this case, however, probation was not within the range of punishment available to the appellant for two reasons. First, before the jury may consider probation, a defendant must file a sworn motion requesting probation before trial. TEX.CODE CRIM.P.ANN. art. 42.12, § 4(e). The appellant did not file such a motion. Second, a defendant is not eligible for probation if he has a felony conviction. *Id.* The evidence shows the State was aware that the appellant was on probation in Harris County for credit card abuse and unauthorized use of a motor vehicle, and had been convicted of burglary in Louisiana and sentenced to 5-years confinement.

It is unquestionably the rule that a defendant may not discuss probation if it is not appropriate. In *Wyle v. State*, 777 S.W.2d 709, 717 (Tex.Crim.App.1989), the defendant requested, but was denied, permission to question the jury about probation. The Court of Criminal Appeals held that the trial court did not abuse its discretion by refusing to allow such questioning because the defendant did not file an application for probation before trial. Thus, the court reasoned, probation was not an issue for the jury. *Id.; see also Mays v. State*, 726 S.W.2d 937, 947 (Tex.Crim.App.1986). In *Earhart v. State*, 823 S.W.2d 607, 622–23 (Tex.Crim.App.1991), the court held the trial court did not err by refusing to allow the defendant to question the jury on probation because the defendant had a previous forgery conviction, and was not eligible for probation. *Id.*

In these three cases, it was the defendant, not the State, who sought to inject the issue of probation into voir dire. Probation is not within the range of punishment in such situations. Neither may the State discuss probation when it is not appropriate to the case.

It is always error for a prosecuting attorney to conduct a wrong, unfair, or inequitable voir dire. *Rougeau v. State*, 738 S.W.2d 651, 657 (Tex.Crim.App.1987). Once the defendant objects, it is error for the trial judge to permit the prosecutor to continue with such argument. *Id.* The trial judge in this case erred by allowing the prosecution to discuss probation during voir dire, even though probation was not involved in the case.

When there is error, we must decide whether the error was harmful. TEX. R.APP.P. 81(b)(2). An error is harmless if it does not interfere with the integrity of the trial process sufficiently to affect the outcome of the trial. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). To determine whether the error was harmless we must:

> examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity.

*Harris*, 790 S.W.2d at 587–88.

The appellant argues that the prosecutor's statement implied to the jury he was not eligible for parole because he had other convictions. I agree. The statement, posed in hypothetical form, informed the jury that "probation is not appropriate ... when [a defendant] had a prior probation." The only defendant on trial was the appellant. By the hypothetical, the prosecutor suggested that this defendant had been convicted of another crime. Information about other crimes was available to the jury only if the appellant took the stand or if the appellant filed a motion requesting probation. Neither occurred.

I believe the error was not harmless, and might have affected the outcome of the trial. To declare this error harmless would encourage prosecuting attorneys to inject inadmissible and prejudicial information into cases during voir dire in the form of hypotheticals.